IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| LUIS REYES, *Petitioner*, v. DONNOVAN WRIGHT, *et al.*, *Respondents*. | 1:26-cv-00478-MSN-WEF |

## ORDER

Petitioner Luis Reyes ("Petitioner") has filed a five-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that ICE did not have authority to deviate from a bond order by an immigration judge ("IJ") and to impose additional conditions of release not originally set by the IJ. Petitioner claims that by detaining him for allegedly violating those additional conditions of release, Respondents have violated his substantive and procedural right to due process (Counts I, III & IV), the *Accardi* doctrine (Count II), and the Immigration and Nationality Act ("INA") (Count V). For the reasons below, the Court will grant the Petition as to Counts I, III, and IV,[1] and order Petitioner's release.

### I.   BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States in 2006. ECF 1 ¶¶ 13, 30. He now lives in Virginia with his partner and four-year-old United States citizen son. *Id.* ¶ 30. In March 2025, Petitioner was arrested and charged with Driving Under the Influence, which was later amended to Reckless Driving. *Id.* Following his criminal proceedings, ICE initiated removal proceedings against Petitioner and took him into custody. *Id.* Petitioner filed a motion for custody

---

[1] Because the Court grants the Petition as to Counts I, III, and IV, it need not address Petitioner's other claims.

redetermination and, on March 4, 2025, an IJ granted Petitioner's release on bond in the amount of $7,500. *See* ECF 1-2. The IJ set no other conditions of release. *Id.*

On March 7, 2025, ICE "enrolled" Petitioner in an Alternative to Detention ("ATD") program. ECF 4-1 ¶ 8. As part of the program, ICE imposed conditions upon Petitioner including an order prohibiting him from traveling outside the Commonwealth of Virginia. ECF 1 ¶ 31. In November and December 2025, Petitioner traveled outside of Virginia for work. *Id.*; ECF 4-1 ¶¶ 9, 10. When Petitioner later reported to ICE for a scheduled appointment, ICE took him into custody for violating his ATD conditions. ECF 4-1 ¶ 11.

Petitioner subsequently filed a petition for writ of habeas corpus, alleging that he had been wrongfully detained pursuant to 8 U.S.C. § 1225(b)(2). *Reyes v. Wright*, 1:26-cv-00474-MSN-WBP, ECF 1 (E.D. Va. Mar. 13, 2026). The Court ordered supplemental briefing on why Petitioner's bond order had been revoked, and, in response, Petitioner argued that he had been improperly detained because he had not violated his ATD conditions. *Id.* at ECF Nos. 6, 8. Based on these representations, the Court concluded that Petitioner was subject to 8 U.S.C. § 1226(a), not § 1225(b)(2). *Id.* at ECF 9. The Court also concluded that if Petitioner had failed to abide by the terms of his release, it was within DHS's power under 8 U.S.C. § 1226(b) to revoke his bond and order his re-detention. *Id.*

On March 19, 2026, Petitioner brought a second petition for writ of habeas corpus. ECF 1. His present Petition names Donnovan Wright, the Field Office Director of Enforcement and Removal Operations of ICE's Washington Field Office; the DHS Secretary[2]; DHS itself; Pamela Bondi, the Attorney General; and the Executive Office for Immigration Review (collectively "Federal Respondents"). The Petition also names Jeff Crawford, the Warden of the Farmville Detention Center.

---

[2] The Petition names Kristi Noem, the former DHS Secretary.

## II.    ANALYSIS

In his present Petition, Petitioner clarifies what was not apparent to the Court before: that his enrollment in ATD was not a part of the IJ's original order releasing him on bond, rather it was a unilateral condition that ICE imposed after his release. Petitioner argues that ICE's imposition of these conditions, above and beyond the conditions of his release set by the IJ, and his subsequent detention for violating the conditions, violate his right to due process. The Court agrees.

Under 8 U.S.C. § 1226(a), DHS may arrest and detain a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States." *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). Noncitizens who are detained under § 1226(a) may generally apply for release on bond or conditional parole. *Id.* (citing 8 U.S.C. § 1226(a)(2)). An ICE officer makes the initial determination of whether an individual is entitled to release. *Id.*; *see also* 8 C.F.R. § 236.1(c)(8). If an officer decides that detention is warranted, an individual may appeal that decision to an IJ. *See Johnson*, 594 U.S. at 527 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19(a), 1236.1(d)(1)). If either party disagrees with the IJ's decision, they may appeal that decision to the Board of Immigration Appeals. *Id.* at 527-28 (citing 8 C.F.R §§ 236.1(d)(3)(i); 1003.19(f), 1236(d)(3)(i)). Accordingly, once a custody decision is appealed to an IJ, it is the IJ—not ICE—that "may determine custody conditions." *N-N- v. McShane*, --- F. Supp. 3d ---, 2025 WL 3143594, at *3 (E.D. Pa. Nov. 10, 2025); *see also, e.g.*, *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 69 (D. Mass. 2025) (explaining that, "[a]ccording to the plain language" of the INA and its regulations, "an IJ or the BIA holds the authority to redetermine custody conditions").

Federal Respondents nevertheless argue that "ICE may place conditions of supervision on release, including limitations on places where the person may go." ECF 4 at 2. But, under the logic of the INA and its regulations, ICE "may not impose additional conditions after an IJ has ordered release on a bond and set conditions of release, as here." *Orellana Juarez*, 788 F. Supp. 3d at 69

3

(emphasis added). Allowing ICE to add or modify the conditions of an IJ's bond order would allow ICE to impose conditions "never having advocated for such conditions before the immigration judge or appealed to the BIA." *Rodriguez Muniz v. Noem*, EP-25-cv-00671-DB, 2026 WL 803134, at *3 (W.D. Tex. Mar. 6, 2026) (quoting *N-N-*, 2025 WL 3143594, at *3). As multiple courts have acknowledged, this type of end-run around an IJ's order would render the administrative adjudicatory process "meaningless and superfluous." *Id.* (quoting *N-N-*, 2025 WL 3143594, at *3); *see also Orellana Juarez*, 788 F. Supp. 3d at 69 (concluding that allowing ICE to impose additional conditions of detention would render an IJ's bond decision "meaningless, and would defeat the purpose of having a knowledgeable, neutral third party review the appropriateness of a noncitizen's detention").

Petitioner's detention pursuant to conditions imposed by ICE not present in the IJ's bond order violates his right to both substantive and procedural due process. Governmental detention violates an individual's right to substantive due process under the Fifth Amendment "unless the detention is ordered in a criminal proceeding with adequate procedural protections or, in certain special and narrow nonpunitive circumstances where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (cleaned up). Here, "[a]ny interest that the federal respondents may have in securing [Petitioner's] presence at immigration proceedings has been accounted for by the IJ's imposition of bond." *Quispe-Ardiles v. Noem*, 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *8 (E.D. Va. Sept. 30, 2025) (quoting *Hasan v. Crawford*, 800 F. Supp. 3d 641, 658 (E.D. Va. 2025)). ICE's detention of Petitioner based on unilateral restrictions it did not have the authority to impose constitutes the kind of arbitrary detention that runs afoul of the Fifth Amendment.

Petitioner's detention also violates his right to procedural due process. Courts evaluate whether civil detention violates a detainee's Fifth Amendment procedural due process rights using

the familiar three-part test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (explaining that courts must weigh (1) the private interest that will be affected by an official action, (2) the risk of an erroneous deprivation of such interest and the probable value of additional safeguards, and (3) the government's interest, including the burdens that additional procedural requirements would entail). Here, Petitioner has invoked "the most elemental of liberty interests": his interest in "being free from physical detention." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). The risk that his placement in ATD will erroneously deprive him of his liberty is great as the conditions were imposed with no check or ability to challenge them. "The risk of erroneous deprivation becomes overwhelmingly high when immigration officers act with unrestrained discretion to detain noncitizens without an individualized showing of why detention is warranted or an effective process for noncitizens to challenge the exercise of such discretion." *Gair Harrington v. Albarran*, No. 26-CV-01889-JST, 2026 WL 800113, at *6 (N.D. Cal. Mar. 23, 2026) (quoting *Pichardo Medina v. Hermosilla*, No. 3:25-CV-02233-MC, 2025 WL 3712271, at *4 (D. Or. Dec. 22, 2025)) (concluding that ICE violated an individual's right to procedural due process by unilaterally imposing monitoring conditions). Finally, the Court discerns no significant governmental interest in Petitioner's detention, nor would requiring ICE to follow the ordinary channels to contest an IJ's bond order impose an outsized strain on the governmental resources.

Accordingly, the Court concludes that ICE's imposition of ATD conditions on Petitioner and Petitioner's subsequent detention based on those conditions violates his right to due process.

### III.    CONCLUSION

For the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be immediately released from custody, with all his personal property; it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

ORDERED that Federal Respondents shall file a status report within three (3) days confirming Petitioner's release.

**IT IS SO ORDERED**.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

April 3, 2026
Alexandria, Virginia

6